IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-50,132-02






EX PARTE DARRELL BERNARD BILLINGSLEA, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. W-08-50283-K(A) IN THE CRIMINAL DISTRICT COURT NO. 4


FROM DALLAS COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of murder and
sentenced to fifty years' imprisonment. He did not appeal his conviction. 

 Applicant alleges that his guilty plea was involuntary due to his trial counsel's refusal to
investigate his case and counsel's failure to discover that he was insane at the time of the offense and
was not competent to enter a plea. He claims counsel coerced his plea by telling him if he did not
take the State's offer he would receive a life sentence without the possibility of parole. He also
complains that he was denied his right to a direct appeal, but the plea papers indicate Applicant
waived his right to an appeal as part of the plea agreement.

 Regarding the involuntary plea and ineffective assistance of counsel claims, Applicant has
alleged facts that, if true, might entitle him to relief. In these circumstances, additional facts are
needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial
court is the appropriate forum for findings of fact. The trial court shall obtain a response from trial
counsel that details his representation of and advice to Applicant and addresses Applicant's
allegations. The trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). 
In the appropriate case, the trial court may rely on its personal recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. 
If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact and conclusions of law in regard to Applicant's
claims that trial counsel was ineffective and that his guilty plea was involuntary. The trial court shall
also make any other findings of fact and conclusions of law that it deems relevant and appropriate
to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall
be obtained from this Court. 


Filed: August 21, 2013

Do not publish